## 10347

### DIAL v. SOUTHERN RAILWAY CO.

#### (101 S. E. 831.)

RAILROADS—ABSENCE OF FLAGMAN NOT PROXIMATE CAUSE OF INJURY TO BOY BOARDING MOVING TRAIN.—Negligence, if any, in failing to maintain a flagman at a railroad crossing, is not a proximate cause of injury to a boy who broke away from those who had him in charge and ran to and attempted to board a moving train on the right of way near the crossing.

Before WHALEY, County Judge, Richland, —— term, ——. Affirmed.

Action by W. B. Dial, as administrator, against the Southern Railway Company. From an order of nonsuit, the plaintiff appeals.

*Messrs. E. J. Best, W. Hampton Cobb* and *E. W. Mullins,* for appellant. *Messrs. Best* and *Mullins* submit: *Where public safety requires a flagman, gate, or other device at a public crossing, the omission of such precautions is negligence, and is a question of fact for a jury, whether the circumstances exist which create such a duty:* 111 U. S. 228; 129 Mass. 364. *The question of whether the negligence of the defendant was the proximate cause of the injury should have been submitted to the jury:* 94 U. S. 469; 109 S. C. 122; L. R. 3 C. P. 216, 222, 591; L. R. 5 H. L. 45; L. R. 9 Exch. 157, 162; 17 Wall. 657 (84 U. S. XXI, 745; 109 U. S. 478, XXVII 1003).

*Mr. Frank G. Tompkins,* for respondent, submits: *There is no testimony in the case that the crossing in question constituted an attractive nuisance to children:* 109 S. C. 238; 88 Pa. St. 520; 32 Am. Reports 472; 6 American Negligence Cases, p. 1077. Cases cited and distinguished, 95 S. C. 313. *Franks v. Southern Cotton Oil Co.,* — S. C. —; 25 S. C. 24; 144 U. S. 408; 40 L. R. A. 278; 163 U. S. 280; (N. J.) 22 L. R. A. 232. *It is quite well settled that the absence of crossing signals give no right of action to persons neither using nor intending to use such crossing:* 100 S. C. 181; 96 S. C. 228; 29 Cyc. 214. *The facts in Hays v. Mich. Central R. Co., 111 U. S. 228, are totally different from those in case at bar.*

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of nonsuit granted by his Honor, County Judge Whaley. The exceptions, three in number, raise two questions:

First, did the operation of the train at the time and place in question constitute such an attractive nuisance as would place upon the respondent the burden of maintaining a switchman at the crossing, or gates, closing the same?

Second, if the operation of said train did constitute such an attractive nuisance as would place a burden, as above, on the respondent, was there any evidence that the failure to have these protections mentioned operate as a proximate cause of the injury?

It is unnecessary, in this case, to decide the first question. Under the evidence in the case, no other reference can be drawn than, even if a flagman or gates had been provided, it could not have been reasonably expected to protect the plaintiff's intestate from the injury which he received. Such a flagman or gates would not have protected the deceased from injury. The deceased was not killed on the

crossing, but on the right of way of the railroad near the crossing, and he was not playing on the track, but he broke away from those who had him in charge and ran to and attempted to board a moving train.

The exceptions are overruled, and judgment affirmed.